

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARLENE LAMPHIER,
Plaintiff,

v.

KANE COUNTY, ILLINOIS;
PATRICK EDGERTON;
EDGERTON & EDGERTON;
OLIVIA VOLETA; and
PESKIND LAW,
Defendants.

Case No. _____

1:26-cv-08325
Judge Jorge L. Alonso
Magistrate Judge Laura K. McNally
Random/Cat. 2



RECEIVED MPV
7/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff Marlene Lamphier, pro se, for her Complaint against
Defendants alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action arising from Defendants'
   alleged use of court and collection proceedings against
   Plaintiff despite notice of her disability, limited income,
   and requests for accommodation.
2. Plaintiff alleges that Defendants denied her due process,
   failed to provide reasonable accommodations, and used
   contempt and body writ procedures in a manner that
   discriminated against her based on her disability and
   financial circumstances.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and
   1343 because this action arises under federal law, including
   42 U.S.C. § 1983, Title II of the Americans with
   Disabilities Act, and the Rehabilitation Act.

4. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391 because the events occurred in Kane County, Illinois, within this District.

## III. PARTIES

6. Plaintiff Marlene Lamphier is an individual residing in Elburn, Illinois.

7. Defendant Kane County, Illinois, is a governmental entity responsible for court-related services.

8. Defendant Patrick Edgerton is an attorney affiliated with Edgerton & Edgerton.

9. Defendant Edgerton & Edgerton is a law firm involved in collection proceedings against Plaintiff.

10. Defendant Olivia Voleta is an attorney affiliated with Peskind Law.

11. Defendant Peskind Law is a law firm involved in related proceedings.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff is disabled and receives long-term disability income through MetLife.

13. Plaintiff informed the Court and Defendants of her disability and limited financial means.

14. Plaintiff filed disability exemption documentation in Kane County in 2024 and 2025.

15. In February 2025, Plaintiff formally requested a disability accommodation.

16. Plaintiff alleges no meaningful accommodation was provided.

17. Plaintiff alleges that Defendants pursued collection and enforcement actions despite notice of her disability and inability to pay.

18. Plaintiff alleges that Defendant Olivia Voleta made inaccurate or misleading statements regarding Plaintiff's financial situation.

19. Plaintiff alleges that Defendants sought a body writ and a bond amount of approximately $110,000.

20. Plaintiff was taken into custody on or about May 20, 2025.

21. Plaintiff's family paid approximately $13,000 to secure

her release.

22. Plaintiff suffered loss of liberty, financial hardship, and emotional distress.

23. Plaintiff alleges Defendants acted individually and jointly, including under color of state law where applicable.

## V. CLAIMS FOR RELIEF

### COUNT I

### 42 U.S.C. § 1983 – DUE PROCESS AND EQUAL PROTECTION

24. Plaintiff incorporates all prior paragraphs.

25. Plaintiff had a protected liberty interest and right to a meaningful hearing.

26. Due process requires proper safeguards before deprivation of liberty or property. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

27. Courts must determine ability to pay before incarceration for contempt. *Turner v. Rogers*, 564 U.S. 431 (2011).

28. Punishing inability to pay violates constitutional protections. *Bearden v. Georgia*, 461 U.S. 660 (1983).

29. Plaintiff alleges she was incarcerated without proper consideration of her ability to pay.

30. Plaintiff alleges she was treated as willfully noncompliant despite her disability.

31. Plaintiff alleges Defendants acted jointly with state actors. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

32. Plaintiff suffered damages as a result.

### COUNT II

### ADA & REHABILITATION ACT – DISABILITY DISCRIMINATION

33. Plaintiff incorporates all prior paragraphs.

34. Plaintiff is a qualified individual with a disability.

35. Kane County is a public entity subject to the ADA.

36. Courts must provide access to justice for disabled individuals. *Tennessee v. Lane*, 541 U.S. 509 (2004).

37. Plaintiff alleges denial of reasonable accommodation.

38. Plaintiff alleges denial of meaningful participation in proceedings.

39. Plaintiff suffered damages.

COUNT III

**STATE LAW CLAIMS (ABUSE OF PROCESS / CONSPIRACY)**

40. Plaintiff incorporates all prior paragraphs.
41. Plaintiff alleges Defendants misused legal processes.
42. Plaintiff alleges coordinated conduct to impose excessive enforcement.
43. Plaintiff alleges intentional and harmful conduct.
44. Plaintiff suffered damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Declaratory judgment;
B. Compensatory damages;
C. Punitive damages where allowed;
D. Injunctive relief;
E. Costs and any other relief deemed proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Date: 7-13-2026

Marlene Lamphier, Pro Se
801 Citizen Ave
Elburn, IL 60119
(305) 793-3199
mollylamphier5@gmail.com